**Zhan Hui CHEN, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 03–4508.

United States Court of Appeals, Second Circuit.

May 18, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

Jeannette A. Vargas, Assistant United States Attorney (Sarah S. Normand, Assistant United States Attorney,) for David N. Kelley, United States Attorney for the Southern District of New York, New York, New York, for Respondent, of counsel.

Present: RAGGI, WESLEY, and CUDAHY,[1] Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the order of the Board of Immigration Appeals ("BIA") entered on February 25, 2003, is hereby DENIED.

Zhan Hui Chen, a Chinese national, challenges the BIA's denial of his motion to reconsider its December 4, 2002 summary affirmance of an Immigration Judge's ("IJ") decision denying Chen asylum, withholding of removal, and voluntary departure. We assume the parties' familiarity with the facts and record of proceedings.

When the BIA has identified and applied the correct legal standard, we review its denial of a motion for reconsideration only for abuse of discretion. *See Khouzam v.*

*Ashcroft*, 361 F.3d 161, 165 (2d Cir.2004). Petitioner submits that no such deferential review is warranted in this case because two decisions rendered by this court after the BIA's denial of reconsideration, *Qiu v. Ashcroft*, 329 F.3d 140 (2d Cir.2003), and *Secaida–Rosales v. INS*, 331 F.3d 297 (2d Cir.2003), so changed the standards for assessing credibility in asylum cases that we cannot conclude that the BIA correctly applied the law. We disagree.

To the extent petitioner invokes Fed. R.Civ.P. 60(b) to support his argument, we assume he does so only by analogy because Rule 60(b) applies only to civil proceedings in federal district courts. *See* Fed.R.Civ.P. 1. More to the point, *Qiu* and *Secaida–Rosales* do not mandate the conclusion that the BIA necessarily relied on an incorrect legal standard when it denied a motion for reconsideration without the benefit of these decisions. *Qiu*'s ruling that the INS could not deny asylum to a *credible* applicant simply because his account of persecution was lacking in detail, *see* 329 F.3d at 151–52, has no bearing on this case because the IJ specifically found that the petitioner was *not* credible. *See Zhou Yun Zhang v. United States INS*, 386 F.3d 66, 79 n. 11 (2d Cir.2004). As for *Secaida–Rosales*, this court stated no new legal standard when it observed in that case that adverse credibility rulings could not be based solely on minor, collateral omissions in an asylum application. *See* 331 F.3d at 308. The principle had been recognized four years earlier in *Diallo v. INS*, 232 F.3d 279, 288 (2d Cir.2000).

In any event, there is not merit to petitioner's claim that the BIA's denial of his reconsideration motion fails to comport with the legal standards articulated by this court. To the contrary, the record is suffi-

ciently replete with inconsistencies and omissions material to petitioner's asylum claim that we would be obliged to reject even a direct petition for review of the IJ's denial of asylum. *See Zhou Yun Zhang v. United States INS,* 386 F.3d at 73–74 (discussing standard for reviewing asylum determinations involving factual challenges to IJ's credibility determination).

Accordingly, the petition for review of the BIA's February 25, 2003 order denying reconsideration is hereby DENIED.